IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Avelino Gutierrez-Diaz | Case No. 4:06 CV 1234 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| T. R. Sniezek, | |
| Respondent. | |

On May 18, 2006, *pro se* Petitioner Avelino Gutierrez-Diaz filed this Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is incarcerated at the Elkton Federal Satellite Location in Lisbon, Ohio (F.S.L. Elkton) and complains that the Bureau of Prisons' (BOP) calculation of his Good Credit Time (GCT) is inconsistent with the plain meaning of 18 U.S.C. § 3624. Petitioner interprets this code section to provide 54 days of earned credit for each year of his prison sentence.

**FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner was sentenced in the United States District Court for the Eastern District of Pennsylvania to 72 months in prison on February 23, 2004 based on his conviction for conspiracy to distribute heroin. Attached to his Petition are copies of his administrative effort to resolve his concerns regarding the manner in which the BOP is executing his prison sentence. He specifically notes that the BOP has "made a fundamental error in applying the statue [sic]: the BOP administratively substituted 'year served' for 'term of imprisonment'" (Pet. at 1). Rather than simply

subtracting 54 days from his total term of imprisonment, he argues the BOP has reduced his GCT to 54 days for each year he has actually been in incarcerated which in turn has resulted in the BOP's calculation of 282 days of GCT. Petitioner claims he is entitled to 324 days credit.

It is the position of the BOP that Petitioner is receiving 54 days after every period of 365 days he serves, with the exception of the last posting day which is prorated to 12 days for the last 83 days Petitioner will be in physical custody at the end of his sentence.

## 28 U.S.C. §2241

Claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir.1977). Therefore, this action against Warden Sniezek, Petitioner's custodian at the time he filed this Petition, is properly before this Court.

Federal regulations have afforded prisoners administrative review of the computation of their credits, *see* 28 CFR §§ 542.10-542.16 (2006), and prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies. *United States v. Bayless*, 940 F.2d 300, 304- 05 (8th Cir. 1991); *United States v. Flanagan*, 868 F.2d 1544, 1546 (11th Cir. 1989); *United States v. Martinez*, 837 F.2d 861, 865-66 (9th Cir. 1988). Although Petitioner provided an exhibit tab entitled "National Inmate Appeals Response," there was no copy of that response attached to the Petition. Notwithstanding this omission, the claim lacks merit on its face.

## GOOD CONDUCT CREDIT
## 18 U.S.C. §3624

The relevant statute, 18 U.S.C. §3624(b)(1), provides:

[A] prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, . . subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations

While it is clear that credit is accrued up to 54 days per year for each year served, Petitioner has interpreted the provision "beyond the time served" to mean that he should receive credit based on the term of his original sentence, not just the years of the sentence he is serving. This interpretation is supported by neither a plain reading of the statute nor current case law which presumes that credit is earned only for the years of actual incarceration. *Petty v. Stine*, 424 F.3d 509 (6th Cir. 2006), *cert. denied*, 126 S.Ct. 2862 (2006) (BOP reasonably interpreted statute permitting federal prisoner to be awarded 54 days of good-time credit per year as permitting good-time credit to be awarded based on time actually served by prisoner); *Trevino-Casares v. U. S. Parole Comm'm*, 992 F.2d 1068,1072 (10th Cir. 1993) ("the application of service credits is governed by 18 U.S.C. § 3624(a), which indicates, uncontroversially, that such credits are applied to the sentence of confinement the prisoner is serving").

The BOP Program Statement that interprets the relevant statute provides: "54 days of GCT may be earned for each full year served on a sentence in excess of one year, with the GCT being prorated for the last partial year." Sentence Computation Manual CCCA, pp. 1-40 and 1-41. It is clear the statute mandates that Petitioner's 54 days of GCT be subtracted from the remainder of his sentence and not from each year he was sentenced.

## CONCLUSION

The Petition is without merit, and this action is dismissed pursuant to 28 U.S.C. § 2243.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

August 3, 2006